UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH HARNEY | CIVIL ACTION |
| VERSUS | NO. 21-01104 |
| PREVENTICE SOLUTIONS, INC. | SECTION T(5) |

## ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendant Preventice Solutions, Inc.[1] Plaintiff has not filed an opposition. For the following reasons, the Motion is **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This wrongful death case involves claims of product liability and general negligence.[2] Plaintiff initiated this lawsuit against Preventice Solutions, LLC ("Preventice") following the death of her husband, Noel Harney. After experiencing intermittent episodes of chest discomfort in April 2020, Mr. Harney was admitted to the West Jefferson Medical Center's Emergency Department where he underwent evaluation by an array of healthcare professionals.[3] Following his discharge, Mr. Harney received additional care from a cardiologist who recommended various remedial measures including medication, additional testing, and the wearing of a heart monitor.[4] The heart monitor ceased functioning at some point after the first day of use, but the data was deemed sufficient by the prescribing physician for the purpose of drawing conclusions on May 5, 2020.[5] On May 8, 2020, Mr. Harney died by cause of cardiorespiratory arrest.[6] This lawsuit followed.

---

[1] R. Doc. 6.
[2] R. Doc. 1-1 at 4.
[3] *Id*. at 2-5.
[4] *Id*. at 7.
[5] *Id*.
[6] *Id*. at 8.

Plaintiff contends that Preventice, the manufacturer of the heart monitor placed on Mr. Haney, is liable under the Louisiana Products Liability Act ("LPLA") for assorted claims related to the functionality and effectiveness of the heart monitor, including defective design, manufacturing, and inadequate warning.[7] Following Plaintiff's filing in the 24th Judicial District of Jefferson Parish, Preventice timely filed a notice of removal in this Court and thereafter moved to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] Defendant avers that its Motion be granted for two reasons. First, Preventice argues that Plaintiff attempts to assert claims that fall beyond the scope of claims recognized under the LPLA.[9] Second, Preventice asserts that Plaintiff's failure to plead the essential element of proximate cause renders the petition deficient in establishing a *prima facie* case of liability.[10] Plaintiff has not responded or otherwise appeared in opposition to this Motion.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[11] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[12] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[14] and the documents attached to the complaint.[15]

---

[7] *Id*. at 9-10; La. Rev. Stat. 9:2800.51 *et seq*. (2015).
[8] R. Doc. 6.
[9] R. Doc. 6-1 at 1.
[10] *Id*.
[11] Fed. R. Civ. P. 12(b)(6).
[12] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Matter of Am. River Transp., Co., LLC*, CV 18-2186, 2019 WL 2847702, at *2 (E.D. La. July 2, 2019).
[14] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[15] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[16] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[17] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[18] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[19]

In Louisiana, the LPLA provides the exclusive theories of liability of a manufacturer for damages caused by its product.[20] A plaintiff may not recover from a manufacturer in tort under any theory of liability that is not set forth in the LPLA.[21] The LPLA provides that a manufacturer "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."[22]

In this case, considering the arguments made by Defendant and the absence of opposition, the Court finds dismissal appropriate. While reasonable inferences must be drawn in Plaintiff's favor, the complaint does not contain sufficient factual allegations explaining how Defendant's heart monitor proximately caused Mr. Harvey's unfortunate death.[23] Plaintiff lists several theories generally alleging the deficiencies of the heart monitor but stops short of explaining how those

---

[16] *Supra* note 13.
[17] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[18] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[19] *Twombly*, 550 U.S. 544, 555.
[20] La. R.S. 9:2800.52; *Rhodes v. Covidien oLP et al.*, No. 18-CV-10667, 2019 WL 2162845, at *2 (E.D. La. May 17, 2019).
[21] *Id.*; *see also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002).
[22] *Id.*
[23] *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir.2004).

deficiencies caused Mr. Harvey's death.[24] Besides the fact that Mr. Harvey indeed wore the heart monitor for a brief period, the complaint presents no factual basis sufficient to plead or support causation. As underscored by Defendant, "a statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient."[25] Here, the conclusory nature of the allegations within the complaint do not explain causation beyond a speculative level and thus fail to state a claim to relief under the LPLA.[26] Accordingly, Plaintiff's complaint must be dismissed under Rule 12(b)(6).[27]

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Failure to State a Claim is **GRANTED**.[28]

New Orleans, Louisiana, this __17th__ day of August, 2021.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 1-1 at 5-6.
[25] R. Doc. 1-1 at 6; citing *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006).
[26] *Twombly*, 550 U.S. 544, 555; *see also Hargrove v. Boston Scientific Corp.*, No. 13-CV-3539, 2014 WL 4794763, at *11 (E.D. La. Sept. 24, 2014).
[27] Fed. R. Civ. P. 12(b)(6).
[28] R. Doc. 6.